IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. AP-75,802






EX PARTE CARL PINNER, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. 3748-A IN THE 154TH DISTRICT COURT


FROM LAMB COUNTY






 Per curiam.


O P I N I O N



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of aggravated sexual
assault and sentenced to life imprisonment. 

 Applicant contends that his counsel rendered ineffective assistance because he failed to
timely file a written notice of appeal. We remanded this application to the trial court for findings
of fact and conclusions of law. The trial court has determined that at the end of Applicant's trial his
appointed counsel gave oral notice of appeal and moved to withdraw, but did not file a written notice
of appeal or provide Applicant with a written notice to file pro se. Although Applicant was properly
advised of his right to appeal and the deadlines to file notice of appeal, counsel failed either to file
written notice of appeal or to provide Applicant with a written notice to file himself before counsel
withdrew, even though counsel had previously given oral notice of appeal for Applicant.

 We find, therefore, that Applicant is entitled to the opportunity to file an out-of-time appeal
of the judgment of conviction in Cause No. 3748 from the 154th Judicial District Court of Lamb
County. Ex parte Axel, 757 S.W.2d 369 (Tex. Crim. App. 1988). Applicant is ordered returned to
that time at which he may give a written notice of appeal so that he may then, with the aid of counsel,
obtain a meaningful appeal. All time limits shall be calculated as if the sentence had been imposed
on the date on which the mandate of this Court issues. We hold that, should Applicant desire to
prosecute an appeal, he must take affirmative steps to file a written notice of appeal in the trial court
within 30 days after the mandate of this Court issues.


Delivered: December 5, 2007

Do Not Publish